## COWAN v. TRAVELERS INS. CO.
### No. 10104.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1942.

G. Seals Aiken, of Atlanta, Ga., for appellant.

Edgar A. Neely and Edgar A. Neely, Jr., both of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

When this case was here before,[1] it was on an appeal from a dismissal for failure to state a claim upon which relief could be granted. Holding, "if plaintiff can show as he alleged, that the defendant through persons having authority to act for it, (1) assumed the defense of the suit against him, (2) neglected to defend it, and that if the suit had been defended, the defense would have been successful in whole or in part, he may recover the damages which he can show resulted from the failure to defend", we reversed and remanded the cause for further and not inconsistent proceedings. Tried this time to a jury, there was a verdict for defendant, and plaintiff is here again, complaining this time of the verdict and judgment against him as brought about to his prejudice by the numerous procedural errors he assigns. Stoutly arguing that his proof was in exact accord with his pleading and that our holding on the former appeal that his petition stated a case for relief, is a holding that his proof did, appellant insists that his assigned errors are well taken and the case should be reversed because of them. Appellee, defendant below, insisting as to each individual claim of error, that it is without merit, urges upon us that the judgment should be affirmed without regard to them because under the undisputed evidence, a verdict and judgment for defendant was demanded. We agree with appellee that the proof completely failed to establish the first requisite of plaintiff's case, that the defendant through persons having authority to act for it assumed the defense of the suit against him, and that a verdict for defendant was therefore demanded. So agreeing, we find it unnecessary to consider whether any of plaintiff's numerous claims of prejudicial error are well taken. There was no claim on, or any to reform, the policy which, though plaintiff pleads and swears he did not know it, was issued not to him but to Forsyth-Hunter Company, his lessor, upon an understanding, as a condition to the leasing, that Forsyth Company should have such protection. All of the allegations about the policy were merely by way of inducement to lead up to and explain plaintiff's request of Burdett Realty Company that the suit against plaintiff be defended. We held on the former appeal, that by this pleading plaintiff made out a case of an agreement by defendant through Burdett Realty Company, its authorized agent, to defend the suit which Peek had brought against him. Its proof made out no such case. We may assume that Burdett Realty Company did undertake to agree for defendant that it would defend for plaintiff the suit of Peek against him, and we may assume, too, that plaintiff had a defense to the suit, and that if the agreement had been carried out, there would have been no recovery against him, but, in view of the undisputed proof that Burdett Realty Company had no authority to make such an agreement, this would not advantage plaintiff, for his suit was not against Burdett Realty Company for assuming an authority it did not have. It was against the Travelers Insurance Company for failing to comply with an agreement made for it by Burdett. To prevail in such a suit, it was not, therefore, sufficient to prove that Burdett made the agreement for Travelers. An essential to recovery was proof that Burdett had authority to make such agreement. The proof, was entirely to the contrary. It was affirmatively established that the Burdett Company had no authority beyond that of soliciting customers for, and arranging for the issuance of, policies. It had no authority whatever to bind or obligate the company except in accordance with the terms of the policies and it particularly had no authority to make the unusual agreement alleged in this case. Plaintiff had a hard case at best when he undertook to impose a liability for the defense of the suit on an insurance company which had issued a policy not to him but to an entirely different person. To maintain his suit, it was incumbent upon him to prove that he dealt with the defendant or with some agent authorized to bind it. He failed wholly to do this. The

[1] 114 F.2d 1015, 1016.

district judge was right, therefore, in instructing the jury that the Burdett Realty Company and its employees had no authority to bind the defendant to defend the suit. But he erred in not instructing a verdict for defendant for want of that authority. Because of the complete failure of proof to show that the agreement on which plaintiff's case depends was made by defendant or by some one having authority to bind it, his whole case falls. The judgment for defendant was, therefore, right. It is affirmed.